# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CRAIG GAMBLE, et al.,

        Plaintiff(s),

v.

BOYD GAMING CORPORATION,

        Defendant(s).

2:13-CV-1009 JCM (PAL)

## ORDER

Presently before the court is defendant's emergency motion to enjoin plaintiffs' advertising campaign. (Doc. # 28).

This case is a putative collective action with claims brought under the Fair Labor Standards Act ("FLSA"). The plaintiffs are employees of defendant Boyd Gaming Corporation who allege that they were required to work "off-the-clock" without pay. In the instant motion, defendant alleges that plaintiffs' counsel is currently using "false and misleading" advertisements in an attempt to reach out to potential collective action members.

Defendant specifically claims that plaintiffs' counsel, Cogburn Law Offices ("Cogburn"), has created a web site and has posted advertisements on Facebook which assert that Cogburn is currently representing "employees of Boyd Gaming who are owed overtime for work performed off-the-clock." (Doc. # 28, 4:17-19). Defendant claims that at one pont, Cogburn's Facebook advertisement contained a link to defendant's own Facebook page, which caused the advertisement

**James C. Mahan**
**U.S. District Judge**

1  to appear on defendant's public Facebook news feed. Cogburn has also allegedly shared links to its
2  advertisements via Twitter.

3  Defendant argues that these advertisements by plaintiffs present "one-sided" and
4  "misleading" information which must be enjoined by the court. (Doc. # 28, 12-13). Specifically,
5  defendant alleges that potential collective action members might be wrongly led to believe that
6  liability has already been determined in this case, and that the presence of this advertisement on
7  defendant's Facebook page might mislead individuals into thinking that defendant has endorsed the
8  messages of the advertisement and/or plaintiffs' claims.

9  To resolve this issue, defendant requests that the court issue an injunction which would, *inter*
10 *alia*, prevent Cogburn from performing any further "misleading advertising for plaintiffs."

11 Defendant correctly notes that plaintiffs' counsel has a duty not to advertise in a way that is
12 "false or misleading," Nev. R. of Prof'l Conduct 7.1, and that this court has the power to sanction
13 false advertisements regarding pending litigation, *Davis v. Westgate Planet Hollywood Las Vegas,*
14 *LLC*, 2009 U.S. Dist. LEXIS 116663, at *32 (D. Nev. Dec. 15, 2009). However, it is not the role of
15 this court to micromanage the activities of parties or their counsel. Defendant's request for relief, that
16 the court issue an injunction preventing plaintiffs' counsel from performing "any further misleading
17 advertising" would potentially force this court to scrutinize Cogburn's every attempt to reach out to
18 collective action members and determine the honesty of each representation. Such an activity would
19 frustrate the interests of judicial economy and could chill plaintiffs from making permissible
20 advertisements for fear of adverse action by the court. For these reasons, defendant's requested relief
21 is far too broad, and the court will deny the instant motion.

22 . . .
23 . . .
24 . . .
25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Boyd Gaming Corporation's motion to enjoin plaintiffs' advertising campaign, (doc. #28), be, and the same hereby is, DENIED.

DATED November 20, 2013.

_____
**UNITED STATES DISTRICT JUDGE**