**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CRAIG GAMBLE, et al.,

                      Plaintiffs,

vs.

BOYD GAMING CORPORATION, et al.,

                      Defendants.

Case No. 2:13-cv-01009-JCM-PAL

**ORDER**

(Countermotion to Strike - Dkt. #51)

The court conducted a hearing on March 27, 2014, on Plaintiffs' Countermotion to Strike Boyd's Affirmative Defenses to Plaintiffs' Firth [sic] through Third Claims for Relief (Dkt. #51) which the district judge referred to the undersigned for decision. The court has reviewed the Motion and Defendant's Opposition, and heard oral arguments of counsel at the hearing. Andrew Rempfer appeared on behalf of the Plaintiffs, and Karen Kubin appeared on behalf of the Defendants.

**BACKGROUND**

This is an action proceeding on a Master Second Amended Complaint (Dkt. #42) which consolidates three separate cases--this case and *Belmonte v. Boyd Gaming Corporation*, 2:13-cv-01043 and *Hernandez v. Boyd Gaming Corporation*, 2:13-cv-01801. The Master Second Amended Complaint (Dkt. #42) alleges claims for violations of the Fair Labor Standards Act ("FLSA") for Defendant's alleged unlawful compensation policies for forcing employees to work off the clock, improperly rounding down time and not paying overtime. The Plaintiffs seek relief on behalf of themselves and other similarly situated classes and sub-classes. The Master Second Amended Complaint ("MSAC") also asserts related claims on behalf of themselves and other similarly situated sub-classes for violations of Nevada's wage and hour laws, NRS § 608.010, *et. seq*.

/ / /

On November 20, 2013, the district judge entered an Order (Dkt. #41) approving the parties' Stipulation (Dkt. #39) to consolidate this case with *Belmonte v. Boyd Gaming Corporation,* 2:13-cv-01043-GMN, and *Hernandez v. Boyd Gaming Corporation,* 2:13-cv-1801-RCJ.  The parties agreed all three cases should be consolidated into one action in the interest of judicial efficiency, and that Plaintiffs would file a MSAC in this consolidated action.  Plaintiffs filed the MSAC (Dkt. #42) November 20, 2013.  Defendant responded by filing a Motion to Dismiss Plaintiffs' Fourth and Fifth Claims for Failure to State a Claim (Dkt. #46) on December 9, 2013.

Plaintiff filed an opposition to the motion to dismiss and this Countermotion (Dkt. #51) on December 27, 2013.  The countermotion argues that because Boyd failed to answer or otherwise seek an extension of time to file a responsive pleading to Plaintiff's First through Third claims for relief, its affirmative defenses, if any, "are consequently automatically stricken." Plaintiffs rely on *General Mills, Inc., v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1376 (Fed. Cir. 2007) to support their arguments that a motion to dismiss does not extend the time for filing an answer to an amended complaint where the time for responding to the original complaint has run.  Plaintiffs filed a Second Master Amended Complaint, and therefore, Boyd had ten days from filing of the amended complaint in which to file a response.  It did not file its motion to dismiss until December 9, 2013, and has therefore waived any affirmative defenses to Plaintiffs' first through third claims pursuant to Rule 12(a)(1)-(3)(A), 12(a)(4)(A), and LR 7-2(d).

Defendant opposes the countermotion arguing that the *General Mills* case Plaintiffs rely upon is inapposite.  In that case, the Federal Circuit held that the filing of a motion to dismiss did not extend the time for filing an answer to an amended complaint where the time for responding to the original complaint had already run.  However, the weight of the authority in this circuit and elsewhere is that filing a partial motion to dismiss suspends the time to answer those claims or counterclaims not subject to the motion.  The reasons for this rule are obvious and sensible because requiring a defendant to answer some claims concurrently with a pending motion to dismiss would result in unnecessary duplication and waste of time and resources for both parties and the court.  Boyd timely moved to dismiss the state law claims asserted in Plaintiffs' MSAC.

///

1      Additionally Defendant argues the MSAC is in reality a consolidated complaint rather than an amended complaint within the meaning of Rule 15 of the Federal Rules of Civil Procedure, and the holding in *General Mills* therefore does not apply. The Plaintiffs' MSAC did not amend the pleadings; rather, it consolidated into one action what started out as three separate actions into a single, consolidated action for all purposes under Rule 42 of the Federal Rules of Civil Procedure. The fact that Plaintiffs called their pleading a second amended complaint, instead of a consolidated complaint does not alter this conclusion.

      Boyd intends to file an answer to the consolidated complaint within the time allowed under Rule 12(a)(4)(A) once the court rules on the pending motion to dismiss, although it argues it is not required to do so. The complaint in *Hernandez* was filed October 1, 2012, and Boyd filed a timely motion to dismiss the state law claims in that action, tolling the time remaining to respond to the FLSA claims under Rule 12(a)(4)(A). Additionally, Defendant relies on a line of cases outside of this district in other district courts in the Ninth Circuit which have held that filing a partial motion to dismiss an amended complaint tolls the time to answer any remaining claims.

      Finally, Defendant argues that a motion to strike is disfavored because it is a drastic remedy. Plaintiffs have not, and cannot, point to any prejudice by allowing Boyd to file a single answer to the consolidated complaint after the court rules on the pending motion to dismiss the state law claims. Boyd has the same denials and affirmative defenses with respect to Plaintiff's FLSA claims in all three cases of which Plaintiffs have been on notice for months.

## DISCUSSION

      The parties entered into a stipulation to consolidate all three cases. *See* Stipulation (Dkt. #39). Counsel for Plaintiffs argues the stipulation and proposed order was drafted by counsel for Boyd and correctly points out, called for the Plaintiffs to file a "Master Second Amended Complaint in the consolidated matter." *Id*. at ¶2. However, it is clear from the parties' stipulation and the court's order approving it, that the parties' intent was to consolidate three related cases into a single action. Under these circumstances, the court is persuaded by the reasoning of the line of cases that regards such a pleading as a consolidated complaint, rather than an amended complaint. *See, e.g., McCauley v. Ford Motor Co.,* 264 F.3d 952, 965 (9th Cir. 2001) (rejecting the argument that a consolidated complaint is

"akin to an amended complaint", and stating that Plaintiffs consolidation of their claims into one document made it the "operative pleading.")

The *Gamble* complaint was initially filed in state court and removed (Dkt. #1) on June 6, 2013. An Amended Complaint (Dkt. #4) was filed June 11, 2013. The parties stipulated to an extension of time for Defendants to respond, and Defendants timely filed an Answer to the Amended Complaint (Dkt. #13) on July 16, 2013. The answer asserted sixteen affirmative defenses, including those Plaintiff claims have been waived in this motion.

Because the SMAC is not an amended complaint, the tolling provision of Rule 12(a)(4) applies. That rule provides that unless the court orders otherwise, serving a motion under Rule 12 alters the time to file a responsive pleading. If the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within fourteen days of notice of the court's action. Here, Boyd D filed a motion to dismiss in response to Plaintiffs' MSAC, and the motion to dismiss, if granted, is only partially dispositive.

The court agrees with the majority of courts interpreting Rule 12(a)(4) which have held that "filing a partial motion to dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion." See *ThermoLife Intern., LLC v. Gaspari Nutrition, Inc.,* 2011 WL 6296833 (D.Ariz.) (even when a pending motion to dismiss may only address some of the alleged claims, the motion to dismiss tolls the time to respond to all claims under Rule 12(a)(4)); *see also Gortat v. Capala Bros., Inc.,* 257 F.R.D. 353, 366 (E.D.N.Y.2009) (finding that requiring a party to reply to claims not the subject of a partial motion to dismiss would result in a "procedural thicket of piecemeal answers that would poorly serve judicial economy"); *Kent v. Green,* 2008 WL 150060 (D.Colo.) (finding that partially dispositive Rule 12 motion altered responsive pleading date under Rule 12(a)(4); *Beaulieu v. Board of Trustees of University of West Florida,* 2007 WL 2020161 (N.D.Fla.) (holding that a partial motion to dismiss "automatically extends" the time to file a responsive pleading on unchallenged claims pursuant to Rule 12(a)(4)); *Shah v. KIK Intern. LLC,* 2007 WL 1876449 (N.D.Ind.) (holding that Rule 12(a)(4) applies "by operation of law" to claims not challenged in partial motion to dismiss); *Bertaut v. Parish of Jefferson,* 2002 WL 31528468 (E.D.La.) ("[e]ven the filing of a partial motion to dismiss extends the defendant's time to answer the entire complaint" under Rule

4

12(a)(4)); *Finnegan v. Univeristy of Rochester Medical Center,* 180 F.R.D. 247, 250 (W.D.N.Y.1998) (holding that the plain language of Rule 12(a)(4) contemplates suspending the time to response to the entire complaint, not just to claims that are the subject of a partial motion to dismiss); *Oil Express Nat'l, Inc. v. D'Alessandro,* 173 F.R.D. 219, 220 (N.D.Ill.1997) ("The majority of courts that have considered this question ... have concluded that a party does not need to file an answer while a partial motion to dismiss is pending"); *Brocksopp Engineering, Inc. v. Bach–Simpson Ltd.,* 136 F.R.D. 485, 486–87 (E.D.Wis.1991) (holding that requiring an answer to unchallenged claims would result in duplicative sets of pleadings in the event the 12(b) motion is denied and cause confusion).

There is some authority for the Plaintiffs' position that a defendant should answer the unchallenged portions of a complaint. In *Gerlach v. Michigan Bell Telephone Co.,* 448 F.Supp. 1168, 1174 (E.D.Mich.1978), the court acknowledged that the rule is silent and there was a dearth of case law on the subject at that time. The court held that "separate counts are, by definition, independent bases for a lawsuit and the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under [Rule] 12(b)." However, this is an old, out of circuit case, and no other court has followed the *Gerlach* court's reasoning or ruling. In fact, every court to consider *Gerlach* on this point has disagreed with and declined to follow it. *See Ideal Instruments, Inc. v. Rivard Instruments, Inc.,* 434 F.Supp.2d 598, 638 (N.D. Iowa 2006) (citations omitted); *see also Pestube Systems, Inc. v. HomeTeam Pest Defense, LLC,* 2006 WL 1441014 (D.Ariz. May 24, 2006) (*Gerlach* "is clearly the minority position and the recent authority is clearly opposed to any such holding); *Rosa v. California Bd. of Accountancy,* 2005 WL 1899515 (E.D.Cal.); *Batdorf v. Trans Union,* 2000 WL 635455 (N.D.Cal. May 8, 2000). This Court agrees with the majority of courts that have held that a timely filed motion to dismiss which addresses only some of the claims tolls the time to respond to the remaining claims under Rule 12(a)(4). This approach avoids multiple responses to the same pleading which conserves the resources of the court and the parties and simplifies the pleadings.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. Plaintiffs' Countermotion to Strike Boyd's Affirmative Defenses (Dkt. #51) is **DENIED**.

2. Defendant shall have fourteen days from decision of the pending motion to dismiss in which to file an answer to Plaintiffs' MSAC, unless the district judge's order provides otherwise.

Dated this 31st day of March, 2014.

_____
Peggy A. Leen
United States Magistrate Judge