# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CRAIG GAMBLE, et al.,

        Plaintiff(s),

v.

BOYD GAMING CORPORATION,

        Defendant(s).

2:13-CV-1009 JCM (PAL)

**ORDER**

Presently before the court is defendant Boyd Gaming Corporation's motion to dismiss the fourth and fifth cause of action from the master second amended complaint. (Doc. # 46). The plaintiffs responded (doc. # 48), and defendant replied (doc. # 53).

Also before the court is plaintiffs' motion for conditional certification and circulation of notice of a pending FLSA § 216(b) collective action, (doc. # 44), and appendix (doc. #45). Defendant filed a response in opposition (doc. # 48), to which the plaintiffs filed a reply (doc. # 55).

The instant case involves claims of violations of the Fair Labor Standards Act ("FLSA") by plaintiff Gamble and those similarly situated against their former employer, defendant Boyd Gaming Corporation. The named plaintiffs work at either the Orleans or the Gold Coast properties. For the purposes of clarity, the court will address the defendant's motion to partially dismiss followed by the plaintiffs' motion for conditional certification of the collective action.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

I.  **Factual background**

Plaintiffs Craig Gamble and Michael Simmons filed a complaint on May 9, 2013, in the Eighth Judicial District Court for Clark County Nevada, alleging that defendant violated the FLSA and NRS § 608.005 *et seq.,* by failing to pay overtime wages for work performed in excess of forty (40) hours per week. (Doc. # 1). After defendant removed the case to this court, but before filing an answer, the plaintiffs filed a first amended complaint which added a third plaintiff, Richard Caldwell. (Doc. # 4). The defendant moved to dismiss this complaint for failure to state a claim. (Doc. # 13). On September 11, 2013, plaintiffs filed an emergency motion to amend and included a proposed second amended complaint with additional facts and allegations under Nevada wage-and-hour laws. (Doc. # 18).

A second case, *Belmonte v. Boyd Gaming Corp.*, 2:13-cv-01043, was filed on June 12, 2013, and assigned to the Honorable Judge Navarro. The original plaintiffs in *Belmonte* were Kathy Belmonte and Maria High. A third case, *Hernandez v. Boyd Gaming Corp.*, 2:13-cv-01801, was filed by plaintiff Salvador Hernandez on October 1, 2013, and was assigned to the Honorable Judge Jones. On November 7, 2013, Boyd Gaming filed notices of related cases pursuant to Local Rule 7-2.1, and on November 20, 2013, the court ordered that the cases be consolidated pursuant to Federal Rule of Civil Procedure 42. On that same day the plaintiffs filed a master second amended complaint in the consolidated action, which is the operative complaint here. (Doc. # 42).

The operative complaint alleges (1) violations of the FLSA for failure to pay wages due to a scheme by the defendant to "round down" employees' time, resulting in the improper calculation of wages and unpaid time; (2) violations of the FLSA for failure to pay wages due to a scheme by defendant to require employees to work "off-the-clock;" (3) violation of the FLSA for those employees who were subject to the defendant's scheme to "round down" and to require "off-the-clock" work; (4) violation of NRS §608.010 et. seq. for plaintiffs who were subject to defendant's scheme to "round down" and to require "off-the-clock" work; and (5) violation of NRS § 608.020 for failure to pay all wages due and owing upon termination and the associated penalty. (Doc. # 42).

. . .

James C. Mahan
U.S. District Judge

- 2 -

## II.     Legal standards

### A.     Rule 12(b)(6)

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." Id. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

1    but must contain sufficient allegations of underlying facts to give fair notice and to enable the
2    opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
3    plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
4    be subjected to the expense of discovery and continued litigation." *Id.*

   **B.     Collective Action Certification**

The FLSA was created to provide a uniform national policy of guaranteeing compensation for all work or employment covered by the Act. *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 741 (1981). The FLSA grants individual employees broad access to the courts and permits an action to recover minimum wages, overtime compensation, liquidated damages, or injunctive relief. *Id.* at 740. Under the FLSA, an employee may initiate a collective action on behalf of himself or herself and other similarly situated people. 29 U.S.C. § 216(b). Court-supervised notice of pendency of § 216(b) actions "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff dates to expedite disposition of the action." *Hoffman–La Roche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989).

   **I. "Fairly lenient" standard requiring substantial allegations, based in fact and personal knowledge, of a single policy or plan**

There is a two-tiered approach to certifying a collective action under the FLSA. The first tier is the "notice stage" which requires only a "modest factual showing" and "the bar is quite low . . . typically result[ing] in conditional class certification." *Small v. Univ. Med. Ctr. of S. Nev.*, no. 2:13-cv-00298-APG-PAL, 2013 WL 3043454, at *1 (D. Nev. June 14, 2013). In the notice stage, the essential question is whether employees are sufficiently similarly situated, so that notice should be sent to prospective plaintiff[s]." *Id*. This "modest factual showing" standard is used because, at the initial stage of a collective action, the court has only minimal evidence to make its determination as to class member certification. *Fetrow-Fix v. Harrah's Entertainment, Inc.*, no. 2:10-cv-00560-RLH-PAL, 2011 WL 6938594 at *3 (D. Nev. Dec. 30, 2011).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

However, "unsupported assertions of widespread violations are insufficient." *Small*, 2013 WL 3043454 at *1; *see also Allerton v. Sprint Nextel Corp.*, no. 2:09-cv-01325-RLH-GWF, 2009 U.S. Dist. LEXIS 132454, at *27 (D. Nev. Nov. 16, 2009) (holding that "[m]ere allegations will not suffice [to meet plaintiff's burden]; some factual evidence is necessary" and that affidavits in support of the motion to circulate must "be based on the affiant's personal knowledge"); *Silva v. Gordon Gaming Corp.*, no. 2:06-cv-00696-JCM-PAL, 2006 WL 3542716, at *3-4 (D. Nev. Sept. 27, 2006) (declarations based on "information and belief" are not sufficient to meet a plaintiff's burden on a motion to circulate notice under the FSLA).

Therefore, although the standard is low, the motion must "provide substantial allegations, supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan." *Small*, 2013 WL 3043454 at *1. The plaintiffs must show "a factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged policy or practice," and "plaintiffs cannot proceed [] if the action relates to other specific circumstances personal to the plaintiff rather than any generally applicable policy or practice." *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, n.6 (D. Nev. 1999).

**ii. Geographic scope of certification**

The court will limit the geographic scope of an FLSA notice where the plaintiffs fail to provide sufficient supporting affidavits or other evidence of similar violations outside the geographic location in which the plaintiffs were employed. *See Davis v. Westgate Planet Hollywood Las Vegas, LLC.*, No. 2:08-cv-07722-RCJ-PAL, 2009 WL 102735, at *12-14 (D. Nev. Jan. 12, 2009) (denying request to circulate nationwide notice when plaintiff's proof is limited to specific employees at specific location).

**III.    Discussion**

    **A.    Motion to dismiss (doc. # 46)**

The defendant moves to dismiss claim four alleging violations of NRS § 608.016 (unpaid wages) and NRS § 608.018 (unpaid overtime) and claim five alleging violations of NRS § 608.020 (wages due and owing upon separation) pursuant to NRS §§ 608.140 and 608.180.

**James C. Mahan
U.S. District Judge**

- 5 -

This court has previously held in *Dannenbring v. Wynn Las Vegas, LLC*, 907 F. Supp. 2d 1214 (D. Nev. 2013) that no private right of action exists to enforce labor statutes arising from NRS §§ 608.010 et. seq. and 608.020 et. seq. *See also*, *Descutner v. Newmont USA Ltd.*, no. 3:13-cv-00371-RCJ-VPC, 2012 WL 5387703 (D. Nev. Nov. 1, 2012) (finding no private right of action under NRS §608.018); *Lucatelli v. Texas De Brazil (Las Vegas) Corp.*, 2:11-cv-01829-RCJ, 2012 WL 1681394 (D. Nev. May 11, 2012) (dismissing plaintiff's claims under NRS §§ 608.018, 608.020, and 608.040, for overtime pay, payment at time of discharge, and penalty for failure to pay at time of discharge, respectively, and finding that the violations of Nevada labor statutes could not be asserted as private rights of action). It is settled law that NRS § 608.140 "does not imply a private remedy to enforce labor statutes, which impose external standards for wages and hours," but only provides private rights of action for contractual claims. *Descutner v. Newmont USA Ltd.*, No. 3:12-cv-00371-RCJ-VPC, 2012 WL 5387703 (D. Nev. 2012).

The court stands by its prior ruling and hereby dismisses the fourth and fifth claims for relief.

**B.     Motion to certify collective action**

The motion seeks certification of four different proposed classes. The motion to certify the "wages due and owing" subclass is denied as moot as claims four and five are dismissed.

The court will address the remaining subclasses in turn: (1) the "round down" subclass; (2) the "off-the-clock" subclass; and (3) the combined "round down" and "off-the-clock" subclass.

**I. Violations of the FLSA for "rounding down" employees' time**

In the instant case, the plaintiffs have made "substantial allegations" supported by evidence (doc. # 44) and admitted by the defendant (doc. # 52-1) that the defendant's time-keeping management system, Kronos, does constitute a company-wide policy, practice, or scheme (informal or otherwise) that deprives hourly, non-exempt employees of wages for time worked. Although the defendant claims, citing non-binding authority, that "[r]ounding to the nearest quarter of an hour is not an unlawful practice," (doc. # 52), evidence provided by the plaintiffs show that significantly more time is rounded down, benefitting the defendant, than is rounded up (doc. # 55).

. . .

James C. Mahan
U.S. District Judge

- 6 -

The court finds these allegations sufficient to show that employees using the Kronos time-keeping management system are similarly situated to warrant a class certification under the notice stage of the two-tiered approach.

### ii. Violations of FLSA for requiring employees to work "off-the-clock"

In regards to the "off-the-clock" class certification, the plaintiffs have sufficiently shown that employees with bank and cash handling responsibilities in the food and beverage departments at the Orleans and Gold Coast casinos are similarly situated insomuch as they were potentially subject to off-the-clock employment practices.

That being said, the motion seeks to certify a class of all non-exempt employees nationwide, rather than only those employed at the Orleans and the Gold Coast. (Doc. # 52). The plaintiffs offer no reason why employees who are not cash handlers are similarly situated to the plaintiffs or may have been impacted or have been required to work off-the-clock in the manner described. However, defendant offers no reason why cash handlers not in food and beverage should be excluded. In fact, according to the declarations of the plaintiffs, "multiple employees from multiple departments within the Orleans and Gold Coast would end their shift at the same time [and] . . . there [] would always be more employees seeking to have their banks cashed-out than there were actual [c]age [c]ashiers available to perform the cash-out." (Doc. # 44). This included dealers, cocktail servers, valet parkers, and restaurant cashiers. *Id.* Therefore it would seem that all hourly, non-exempt, cash handling employees, in a location which follows an off-the-clock policy, practice, or scheme, whether formal or informal, would be sufficiently similarly situated to constitute a collective action.

Furthermore, the defendant asserts that the plaintiffs have failed to show a nationwide policy exists because the declarations are confined to two casinos, both in Las Vegas, Nevada. The defendant contends that its company policies strictly prohibit off-the-clock work, which guides management in establishing bank and cash handling procedures. The defendant's position is supported overwhelmingly by case law, which requires evidence or admissions by the defendant of violations occurring nationwide in order to certify a nationwide class. *See, e.g.*, *Davis*, 2009 WL 102735 at *12-14 (denying request to circulate nationwide notice); *Hinojos v. Home Depot, Inc.*, no.

James C. Mahan
U.S. District Judge

- 7 -

1  2:06-cv-00108, 2006 WL 3719244, at *6 (D. Nev. Dec. 1, 2006) (denying request of plaintiff for
2  nationwide circulation of notice when proof limited to six plaintiffs who worked at three Home
3  Depot stores in Las Vegas, refusing to "conclude that a nationwide policy exists based on limited
4  assertions pertaining to a few stores"); *Fetrow-Fix*, 2011 WL 6938594, at *8 (denying request to
5  circulate nationwide notice).

6  Therefore, the court declines the plaintiffs' request to certify the "off-the-clock" subclass for
7  nationwide circulation of notice. However, the plaintiffs have made a sufficient showing to justify
8  a collective action for all hourly, non-exempt, cash handling employees at the Orleans and Gold
9  Coast casinos.

### iii. Content and time limit of notice

11  In accordance with defendant's request and in light of the plaintiffs' acquiescence, the court
12  will order a meet and confer so that the parties may find a mutually acceptable form of notice to be
13  submitted to the court for approval. This meet and confer must take place within 30 days of the
14  issuance of this order.

15  In regards to the window for opt-ins, the court will grant a 60 day cutoff, consistent with this
16  district's precedent. *See, e.g.*, *Williams v. Trendwest Resorts, Inc.*, No. CVS05-0605-RCJ-LRL, 2006
17  WL 3690686, at *2. The court rejects the plaintiffs' request for a 120 day window; plaintiffs have
18  already been given time to solicit additional potential class members through their online solicitation
19  campaign, which began in October 2013. (Doc. # 52)

### iv. Disclosure

21  Defendant and plaintiffs both agree to the disclosure of names and last known address of
22  current and former employees, as well as protective orders to protect the employees' confidentiality.
23  Therefore, the only matter left to be resolved is whether to grant plaintiffs' request for telephone
24  numbers and email addresses.

25  This district has found a request for telephone numbers to be "overbroad and intrusive."
26  *Schemkes v. Presidential Limousine*, No. 2:09-cv-1100-GMN-PAL, 2011 WL 868182, at *4 (D.
27  Nev. Mar. 10, 2011). However, the same cannot be said regarding email addresses, and the

**James C. Mahan**
**U.S. District Judge**

- 8 -

1  defendant's argument regarding the further, outside distribution of the notice does not outweigh the
2  court's interest in reaching all potential class members. *See id.*
3  　　　The defendant is ordered to disclose the name, last known address, and known email address
4  of all persons under the certified class who performed work in the three years prior to the filing of
5  this action to the present.

### v. Equitable tolling of statute of limitations

7  　　　The Ninth Circuit has made it clear that equitable tolling applies only when either (1)
8  "plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part
9  of the defendant," or (2) where "extraordinary circumstances beyond [the] plaintiffs' control made
10 it impossible to file the claims on time." *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th
11 Cir. 1996). Because neither of those circumstances exist here, the court denies the plaintiffs' request
12 to apply equitable tolling.

### IV. Conclusion

14 　　　The fourth and fifth counts are dismissed. The plaintiffs' motion to certify the "round down,"
15 "off-the-clock," and both "round down and off-the-clock" classes is granted. The parties shall have
16 30 days from the issuance of this order to submit a proposed form of notice for the court's approval.
17 　　　Accordingly,
18 　　　IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to
19 dismiss claims four and five of plaintiffs' master second amended complaint (doc. #46) be, and the
20 same hereby is, GRANTED.
21 　　　IT IS FURTHER ORDERED that plaintiffs' motion for collective action certification (doc.
22 # 44) be, and the same hereby is, GRANTED in part and DENIED in part consistent with the
23 foregoing.
24 　　　IT IS FURTHER ORDERED that the parties meet and confer in order to agree on a mutually
25 acceptable notice to be submitted no later than 30 days for the court's approval.
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 9 -

IT IS FURTHER ORDERED that defendant provides to the plaintiffs the names, last known addresses, and email addresses of all potential class members who performed work for the defendant within the three years prior to the filing of this action.

IT IS FURTHER ORDERED that plaintiffs' request for equitable tolling of the statute of limitations (doc. # 44) be, and the same hereby is, DENIED.

DATED June 6, 2014.

*[signature]*
_____
UNITED STATES DISTRICT JUDGE
James C. Mahan
U.S. District Judge