UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CRAIG GAMBLE, et al., | Case No. 2:13-CV-1009 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| BOYD GAMING CORPORATION, | |
| Defendant(s). | |

Presently before the court is a "motion to revise judicial notice" filed by plaintiffs Craig Gamble, Michael Simmons, Maria High, Kathy Belmonte, and Richard Caldwell (hereinafter "plaintiffs"). (Doc. # 107). Defendant Boyd Gaming Corporation (hereinafter "defendant") filed a response to the motion, (doc. # 112), and plaintiffs filed a reply, (doc. # 115).

**I.  Background**

Plaintiffs Craig Gamble and Michael Simmons filed a complaint on May 9, 2013, in state court, alleging that defendant violated the Fair Labor Standards Act ("FLSA") and NRS § 608.005 *et seq.*, by failing to pay overtime wages for work performed in excess of 40 hours per week. (Doc. # 1). Defendant then removed the case to this court.

Before filing an answer, plaintiffs filed an amended complaint which added a third plaintiff, Richard Caldwell. (Doc. # 4). The court then consolidated the case with two other pending cases filed by plaintiffs Kathy Belmonte, Maria High, and Salvador Hernandez, pursuant to Federal Rule of Civil Procedure 42. On that same day, plaintiffs filed a master second amended complaint in the consolidated action. (Doc. # 42).

Plaintiffs allege (1) violations of the FLSA for failure to pay wages due to a scheme by the defendant to "round down" employees' time, resulting in the improper calculation of wages

**James C. Mahan**
**U.S. District Judge**

and unpaid time; (2) violations of the FLSA for failure to pay wages due to a scheme by defendant to require employees to work "off-the-clock"; and (3) violations of the FLSA for those employees who were subject to defendant's scheme to "round down" and to require "off-the-clock" work. (Doc. # 42). The court previously dismissed two additional claims from plaintiffs' second amended complaint. (Doc. # 93).

On December 5, 2013, plaintiffs filed a motion to certify class. (Doc. # 44). Defendant filed a response, (doc. # 52), to which plaintiffs replied, (doc. # 55). The court granted in part and denied in part plaintiffs' motion for collective action certification. (Doc. # 93).

In its order on plaintiffs' motion for collective action certification, the court held, in certifying the "off-the-clock" subclass, that "the plaintiffs have made a sufficient showing to justify a collective action for all hourly, non-exempt, cash handling employees at the Orleans and Gold Coast casinos." (Doc. # 93).

In the same order, the court certified the "round down" subclass on the grounds that plaintiffs' "allegations [are] sufficient to show that employees using the Kronos time-keeping management system are similarly situated . . . ." (Doc. # 93). The court also ordered the parties to meet and confer on the form of notice to be submitted for the court's approval within 30 days following the court's order. (Doc. # 93).

On July 7, 2014, the parties submitted a stipulation regarding the form and content of notice and consent form. (Doc. # 101). The parties attached a proposed agreed-upon notice and accompanying consent form. (Docs. # 101-1, 101-2). On July 11, 2014, the court approved the notice and consent form in an order granting the stipulation. (Doc. # 106).

**II.    Discussion**

Plaintiffs now move the court to revise the approved notice by removing the word "full-time" from the description of eligible parties. (Doc. # 107). Plaintiffs contend that this revision would ensure that the notice is consistent with the court's order certifying the subclasses. (Doc. # 107). Plaintiffs further argue that defendant's classifications of full- and part-time employees may not be reliable, based on the instant dispute over defendant's calculations of hours worked.

**James C. Mahan**
**U.S. District Judge**

- 2 -

(Doc. # 115). Accordingly, plaintiffs assert that restricting the language of the notice risks misleading employees into thinking they are not eligible to join. (Doc. # 115).

Defendant objects to this change on the grounds that omitting "full-time" would lead the notice to be sent to thousands of individuals who have no chance of recovery in the case based on plaintiffs' theories. (Doc. # 112). Defendant also claims that "the notice is incorrect in that the relevant period starts at May 9, 2010, three years before the lawsuit was initially filed, not March 9, 2013, as stated in the notice." (Doc. # 112). Accordingly, defendant requests that this date be corrected. Plaintiffs agree to the correction. (Doc. # 115).

No restriction to full-time employees was contemplated in the court's order certifying the subclasses. (Doc. # 93). The court previously found plaintiffs' allegations sufficient to warrant conditional class certification and notice to the groups of employees mentioned above, without regard for their classification as full- or part-time. As such, the court need not determine whether particular employees are entitled to recovery at this stage of the case, and the notice should be revised to ensure that it is consistent with the court's order on class certification. Additionally, the date in the notice should be revised to reflect the relevant period for the present action.

### III.   Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' "motion to revise judicial notice," (doc. # 107), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiffs shall disburse the revised notice with the omission that plaintiffs request and the date correction that defendant requests.

IT IS FURTHER ORDERED that defendant shall promptly, no later than 30 days from the date of this order, produce a list of names and addresses that complies with the court's order on certification, (doc. # 93).

DATED August 27, 2014.

UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**