UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CRAIG GAMBLE, et al.,<br><br>　　　　　　　　　　　　　Plaintiffs,<br>　v.<br>BOYD GAMING CORPORATION, et al.<br><br>　　　　　　　　　　　　　Defendants. | Case No. 2:13-cv-01009-JCM-PAL<br>Case No. 2: 3-cv-01043-JCM-PAL<br>Case No. 2:13-cv-01801-JCM-PAL<br><br>ORDER<br><br>(Emg Mot Mod Sched Ord – Dkt. #212) |

　　　　Before the court is Plaintiffs' Emergency Motion to Modify the Scheduling Order (Third Request) (Dkt. #212). The motion seeks a 90-day extension of the discovery plan and scheduling order deadlines which was filed on an emergency basis because the deadline for the parties to designate experts is January 12, 2015, and Plaintiffs' counsel represents Defendants just produced the data necessary for Plaintiffs' expert to calculate damages the day before the motion was filed. Plaintiffs' attempted to resolve this matter by stipulation, but Defendants would not agree, and Plaintiffs would not agree to Defendants' counterproposal which was conditioned on the court granting any application by the close of business on January 12, 2015, that the extension be limited to three weeks rather than three months, that the discovery and dispositive motion deadlines not be altered, and the Defendants be permitted to approve the application before filing. Counsel for Plaintiffs could not agree to the counterproposal primarily because they have no control over when the court rules on any pending motions. However, Plaintiffs' counsel attempted to compromise by proposing the extension be limited to two months, and that the current deadline would apply to the fact discovery cutoff. Defendants also rejected these proposals.

　　　　The district judge conditionally certified a class June 6, 2014, and required the parties to meet and confer to submit a proposed notice to punitive class members. The parties did so and

an order was entered. However, an error was found in the notice which delayed notice to class members and the deadline for class members to opt in did not expire until November 24, 2014. The parties currently have a dispute about whether 630 of the 2,600 Plaintiffs who have consented to opt in are appropriately part of the class and are continuing to meet and confer. Plaintiffs' counsel represents that the data necessary to calculate damages was only disclosed after multiple meet and confer sessions the day before this motion was filed. However, Defendants did not produce the data necessary for Plaintiffs' expert to calculate damages for the 630 opt-in Plaintiffs whom Defendants claim are not appropriately part of the class.

Having reviewed and considered the matter, the court will adjust the deadlines for serving expert reports, rebuttal expert reports, the dispositive motion deadline and the deadline for filing the joint pretrial order. However, the parties will be required to complete fact discovery within the existing discovery cutoff. The court will extend the deadline to designate experts by forty-five days unless, for good cause shows, additional time it required because the parties have been unable to resolve their differences concerning whether 630 of the punitive class members are appropriately part of this action and/or other discovery disputes which prevent preparation of the expert report.

**IT IS ORDERED** that Plaintiffs' Emergency Motion to Modify the Scheduling Order is **GRANTED in part** and **DENIED in part** as follows:

1. The motion is **denied** to the extent Plaintiffs are requesting a 90-day extension of all the remaining discovery plan and scheduling order deadlines.
2. The deadline for designating expert witnesses is extended 45 days from January 12, 2015, to **February 26, 2015**.
3. The deadline for designating rebuttal expert witnesses is extended to **March 30, 2015.**
4. The deadline for filing dispositive motions is extended to **April 29, 2015.**
5. The deadline for filing the joint pretrial order is extended to **May 29, 2015**. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after a decision of the dispositive motions. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

2

6. Applications to extend any dates set by this order shall, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend time shall be received no later than **21 days** before the expiration of any deadline.

7. The parties shall be required to complete fact discovery by the existing March 9, 2015, discovery cutoff.

8. The parties shall have until **April 13, 2015,** to schedule and complete expert and rebuttal expert depositions.

9. The parties shall forthwith meet and confer in an effort to resolve their dispute concerning the 630 opt-in Plaintiffs whom Defendant claims should not be part of this action, and to resolve any existing discovery disputes interfering with the parties' ability to complete discovery within the extended time allowed.

DATED this 12th day of January, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE