1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CRAIG GAMBLE, et al.

Plaintiffs,

v.

BOYD GAMING CORPORATION,

Defendant.

Case No. 2:13-cv-01009-JCM-PAL
Case No. 2:13-cv-01043-JCM-PAL
Case No. 2:13-cv-01801-JCM-PAL

**ORDER**

12    This matter is before the Court on the parties' failure to file an unredacted version of

13  Defendants' expert report in support of their renewed Unopposed Motion for Preliminary

14  Approval of Settlement (Dkt. #250) (the "Motion").   The parties filed the Motion attaching

15  numerous exhibits, including Exhibit G, Defendants' 43-page expert report prepared by Ali

16  Saad, Ph.D.  *See* Mot. Ex. G (Dkt. #250-14).  All but three paragraphs of the report are redacted,

17  and an unredacted version was not submitted to the Court along with a motion to seal.   An

18  attorney for Plaintiffs represents that the report is "redacted pursuant to the parties' stipulation on

19  treatment of confidential documents, (Stip. Part IX, ECF No. 99; *see also* Prot. Order, ECF No.

20  104)."  Decl. of Michele R. Fisher (Dkt. #250-1) at ¶ 17.   However, this statement does not

21  justify redaction from the public record or redacting the information to make it unavailable to the

22  court when it is submitted in support of a motion for approval of a settlement.

23    In its July 11, 2014 Order (Dkt. #104), the Court advised that although the parties'

24  blanket protective order was approved to facilitate discovery exchanges, compliance with the

25  Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir.

26  2006), would be required to overcome the presumption of public access for judicial files and

27  records.  The parties may not rely on the blanket Protective Order (Dkt. #103) alone to redact

28  documents as the protective order did not contain a finding that any specific documents are

secret or confidential to overcome the presumption of public access.  The mere fact that one party designated information as confidential under a protective order does not satisfy *Kamakana*.

The Ninth Circuit has held that parties seeking to maintain the confidentiality of documents attached to dispositive motions must show compelling reasons to overcome the presumption of public access to judicial files, records, motions, and any exhibits.  *See Kamakana*, 447 F.3d at 1179–80; *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (standards courts apply to sealing requests turn on the relevance of the documents to the substantive merits of a case—not the relief sought).  If a sealing order is permitted, it must be narrowly tailored.  *Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cty.*, 464 U.S. 501, 512 (1984).  The sealing of entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public.  *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011).

Pursuant to *Kamakana*, LR 10-5 of the Local Rules of Practice, and the Court's July 11, 2014 Order (Dkt. #104), the party designating any document as confidential must submit a memorandum of points and authorities presenting articulable facts that identify the interests in favor of the documents' continued secrecy, and showing that these specific interests outweigh the public's interests in transparency.  The Court appreciates that the expert report was redacted to comply with the Protective Order (Dkt. #103), but a statement that the expert report was redacted pursuant to the parties' stipulation regarding confidential documents does not establish compelling reasons for redacting or sealing the report.  Accordingly, the Court will allow the party designating the expert report as confidential seven (7) days to file an unredacted expert report and a memorandum of points and authorities establishing compelling reasons to support its filing of a redacted and unredacted expert report.

Additionally, the Court has not received a courtesy copy of the Renewed Motion for Preliminary Approval of Settlement (Dkt. #250) and exhibits, which totals 671 pages, although it has been requested by chambers several times.  The Local Rules of Practice state that "a filer must provide to chambers a paper copy of all electronically filed documents that exceed 50 pages in length, including exhibits or attachments."  D. Nev. LR IC 2-2 (as amended May 1, 2016); *see*

*also* D. Nev. LR IA 10-3(i).  Paper copies and exhibits must be appropriately tabbed, indexed, and placed in a binder.  *Id*.  The Court therefore orders Plaintiffs to submit a courtesy copy to the undersigned's chambers within seven (7) days.

Accordingly,

**IT IS ORDERED:**

1.  The party designating the expert report as confidential shall have until **May 24, 2016**:

> A.  To file on the *public docket* in CM/ECF, a motion to seal including a memorandum of points and authorities and any supporting declaration or affidavit to make a particularized showing of compelling reasons why the expert report should remain under seal.

> B.  To file *under seal* in CM/ECF, a "Sealed Exhibit" containing the unredacted expert report prepared by Ali Saad, Ph.D., Mot. Ex. G (Dkt. #250-14), and link the sealed exhibit to its motion to seal.

2.  Plaintiffs will deliver a courtesy copy of the renewed Unopposed Motion for Preliminary Approval of Settlement (Dkt. #250), including all exhibits (without redactions)  to the undersigned's chambers no later than **May 24, 2016**.

DATED this 17th day of May, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3