UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CRAIG GAMBLE, *et al*,<br><br>                       Plaintiffs,<br><br>      v.<br><br>BOYD GAMING CORPORATION,<br><br>                       Defendant. | Case No. 2:13-cv-01009-JCM-PAL<br><br>ORDER |

Presently before the court is Magistrate Judge Leen's report and recommendation ("R&R"), recommending that the unopposed motion for final settlement approval (ECF No. 257) filed by plaintiffs Kathy Belmonte, Richard Caldwell, Craig Gamble, Maria High, and Michael Simmons be granted. (ECF No. 259). No objections have been filed, and the deadline for filing objections has since passed.

**I.     Background**

The instant case involves claims for violations of the Fair Labor Standards Act ("FLSA"). Plaintiffs Craig Gamble and Michael Simmons filed a complaint on May 9, 2013, in state court, alleging that defendant Boyd Gaming Corporation violated the FLSA and NRS § 608.005 *et seq.*, by failing to pay overtime wages for work performed in excess of 40 hours per week. (ECF No. 1-1). Defendant then removed the case to this court. (ECF No. 1).

Before filing an answer, plaintiffs filed an amended complaint which added a third plaintiff, Richard Caldwell. (ECF No. 4). The court then consolidated the case with two other pending cases filed by plaintiffs Kathy Belmonte, Maria High, and Salvador Hernandez, pursuant to

Federal Rule of Civil Procedure 42.  On that same day, plaintiffs filed a master second amended complaint in the consolidated action. (ECF No. 42).

Plaintiffs allege (1) violations of the FLSA for failure to pay wages due to a scheme by the defendant to "round down" employees' time, resulting in the improper calculation of wages and unpaid time; (2) violations of the FLSA for failure to pay wages due to a scheme by defendant to require employees to work "off-the-clock"; and (3) violations of the FLSA for those employees who were subject to defendant's scheme to "round down" and to require "off-the-clock" work. (ECF No. 42).

On December 5, 2013, plaintiffs filed a motion to certify class.  (ECF No. 44).  Defendant filed a response (ECF No. 52), to which plaintiffs replied (ECF No. 55).  The court granted in part and denied in part plaintiffs' motion for collective action certification.  (ECF No. 93).

Specifically, the court granted plaintiffs' motion to certify the "round down," the "off-the-clock," and both the "round down and off-the-clock" classes.  (ECF No. 93).  The court held, in certifying the "off-the-clock" subclass, that "the plaintiffs have made a sufficient showing to justify a collective action for all hourly, non-exempt, cash handling employees at the Orleans and Gold Coast casinos." (ECF No. 93).  The court certified the "round down" subclass on the grounds that plaintiffs' "allegations [are] sufficient to show that employees using the Kronos time-keeping management system are similarly situated." (ECF No. 93).

In that same order, the court also dismissed plaintiffs' state law claims and ordered the parties to meet and confer on the form of notice to be submitted for the court's approval within 30 days following the court's order.  (ECF No. 93).  On July 7, 2014, the parties submitted a stipulation regarding the form and content of notice and consent form. (ECF No. 101).  The parties attached a proposed agreed-upon notice and accompanying consent form. (ECF Nos. 101-1, 101-2).  On July 11, 2014, the court approved the notice and consent form in an order granting the stipulation.  (ECF No. 106).

Defendant provided a putative class list of almost 28,000 persons and plaintiffs distributed the notice.  (*See* ECF Nos. 250-1, 256).  Later, the parties agreed that 2,158 persons (the "opt-in plaintiffs") consented to join the instant action and qualified for the collectives as defined by the

1  court. (*See* ECF Nos. 250-1, 256).

2  The parties engaged in considerable discovery efforts throughout the action. (ECF No. 256 at 2). Discovery closed on March 9, 2015. (ECF No. 213). The parties participated in mediation before the Honorable Peter Lichtman (Ret.) before the deadline for dispositive motions. (ECF No. 250-1). The parties arrived at and signed a memorandum of understanding containing the material terms of their settlement. (ECF No. 250-1). Thereafter, the parties reduced the agreement to the stipulation of settlement and release (the "proposed settlement"). (ECF No. 250-2).

Plaintiffs filed an unopposed motion for preliminary approval of settlement (ECF No. 245), which the court denied without prejudice (ECF No. 247). Thereafter, plaintiffs filed a renewed unopposed motion for preliminary approval of settlement (ECF No. 250), which the court granted on July 11, 2016 (ECF No. 256).

In the order granting the renewed preliminary approval of settlement, the court made the following findings: (1) preliminarily declared the proposed settlement fair and reasonable; and (2) approved the form, manner, and content of the notice of dismissal (ECF No. 250-5) and notice of settlement (ECF No. 250-7). (ECF No. 256 at 21). The court further ordered plaintiffs to distribute the notice of dismissal and notice of settlement and set forth deadlines for the acceptance period and motion for final approval of the settlement. (ECF No. 256 at 21).

Thereafter, plaintiffs moved for a final approval of settlement and judgment dismissing the settling plaintiffs' claims with prejudice and the non-settling plaintiffs' claims without prejudice. (ECF No. 257).

In the instant R&R, Magistrate Judge Leen recommends (1) that plaintiffs' motion for final approval of settlement be granted and (2) that the clerk be instructed to enter judgment dismissing with prejudice the claims identified in Exhibit A of plaintiffs' motion (ECF No. 257-2), as well as dismissing without prejudice the claims identified in Exhibit C of plaintiffs' motion (ECF No. 257-15). (ECF No. 259). Noting that plaintiffs' counsel had distributed notices of settlement and dismissal, the magistrate found the parties' settlement to be fair, adequate, and reasonable under the circumstances. (ECF No. 259).

/ / /

## II. Legal Standard

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

## III. Discussion

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge.

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, "establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1527 (2013). The FLSA grants individual employees broad access to the courts and permits an action to recover minimum wages, overtime compensation, liquidated damages, or injunctive relief. *Barrentine v. Arkansas–Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981)

Under § 216(b), an employee may initiate an action on behalf of himself or herself and other "similarly situated" employees. 29 U.S.C. § 216(b); *see also Genesis Healthcare Corp.*, 133 S. Ct. at 1526. "A suit brought on behalf of other employees is known as a 'collective action.'" *Genesis Healthcare Corp.*, 133 S. Ct. at 1527.

Collective actions, however, differ from class actions under Federal Rule of Civil Procedure 23. *See id.* at 1529 ("Rule 23 actions are fundamentally different from collective actions

under the FLSA.").[1]  As such, the requirements of Rule 23 are generally inapplicable to collective actions under § 216(b).  *See McElmurry v. U.S. Bank, N.A.*, 495 F.3d 1136, 1139 (9th Cir. 2007).

As to settlements, "FLSA claims may not be settled without approval of either the Secretary of Labor or a district court." *Seminiano v. Xyris Enter., Inc.*, 602 F. App'x 682, 683 (9th Cir. 2015) (citing *Nall v. Mal–Motels, Inc.,* 723 F.3d 1304, 1306 (11th Cir. 2013) (citing 29 U.S.C. § 216(c)). "The Supreme Court recognized that an employee's right to fair payment cannot be diminished by contract or waived because that would nullify the purpose of the FLSA and thwart the legislative policies it was designed to effectuate."  *Gonzalez-Rodriguez v. Mariana's Enters., et al.*, No. 215CV00152JCMPAL, 2016 WL 3869870, at *2 (D. Nev. July 14, 2016) (citing *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981)); *see also Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945) ("No one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the Act.")).  This extends to settlement agreements. *Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1236–37, n.8 (M.D. Fla. 2010) (collecting cases)).  Accordingly, any settlement of an FLSA collective action requires the supervision of either the secretary of labor or the district court. *Id.* (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)).

The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement.  *See, e.g.*, *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129, 1136 (D. Nev. 1999) ("The § 216(b) requirement that plaintiffs consent to the suit serves essentially the same due process concerns that certification serves in a Rule 23 action.").  Thus, the approval of settlements of FLSA claims is a separate, but related, analysis from the approval of settlements of class action claims.

---

[1] Unlike class actions under Rule 23 where a potential plaintiff must opt out to be excluded from the class, collective actions under the FLSA require individual employees to "opt-in" by filling a written consent with the court to become a member of the class and be bound by any judgment entered in the action. *Compare* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff in any such action unless he gives his consent in writing to become such a party and such consent is filed in . . . court[.]"), *with* Fed. R. Civ. P. 23(c)(2)(B)(v) ("the court will exclude from the class any member who requests exclusion"); *see also Small v. Univ. Med. Ctr. of S. Nev.*, No. 2:13-CV-00298-APG, 2013 WL 3043454, at *1 (D. Nev. June 14, 2013).  Further, collection actions merely require employees to be "similarly situated."  *See* 29 U.S.C. § 216(b).

While § 216(b) authorizes collective actions, the FLSA does not expressly set forth criteria for courts to consider in determining whether an FLSA settlement should be approved, nor has the Ninth Circuit established any particular criteria. District courts within this circuit, however, have looked to the Eleventh Circuit's opinion in *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350 (11th Cir. 1982). *See, e.g.*, *McKeen–Chaplin v. Franklin Am. Mortg. Co.*, No. 10-cv-5243 SBA, 2012 WL 6629608, at *2 (N.D. Cal. Dec. 19, 2012); *Trinh v. JPMorgan Chase & Co.*, No. 07-cv-01666, 2009 WL 532556, at *1 (S.D. Cal. Mar. 3, 2009); *Goudie v. Cable Commc'ns, Inc.*, No. 08-cv-507-AC, 2009 WL 88336, at *1 (D. Or. Jan. 12, 2009); *Hand v. Dionex Corp.*, No. 06-cv-1318-PHX-JAT, 2007 WL 3383601, at *1 (D. Ariz. Nov.13, 2007).

Under *Lynn's Food*, settlement of FLSA claims may be allowed by "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355; *see also Nall*, 723 F.3d at 1307 (reaffirming holding of *Lynn's Food* as to a district court's approval of stipulated judgment to settle FLSA claims). "In those lawsuits, the parties may 'present to the district court a proposed settlement' and 'the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.'" *Nall*, 723 F.3d at 1306 (quoting *Lynn's Food*, 679 F.2d at 1353); *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946).

To determine the fairness of a settlement under FLSA, "the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. In evaluating the fairness and reasonableness of a FLSA settlement, the majority of Rule 23's fairness factors are instructive and relevant. *See, e.g.*, *Lewis v. Vision Value, LLC*, No. 1:11-CV-01055-LJO, 2012 WL 2930867, at *2 (E.D. Cal. July 18, 2012); *Almodova v. City & Cnty. of Honolulu*, No. CV 07-00378DAE-LEK, 2010 WL 1372298 (D. Haw. Mar. 31), *report & recommendation adopted*, 2010 WL 1644971 (D. Haw. Apr. 20, 2010).

Rule 23's fairness factors include: the strength of the plaintiffs' case; the risk, expense,

complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement. *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1375 (9th Cir. 1993) (quoting *Officers for Justice v. Civil Serv. Comm'n of City & Cnty of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)).

In the underlying motion, plaintiffs assert that the settlement remains fair, reasonable, and appropriate for all the reasons set forth by the court in granting the preliminary approval in July (ECF No. 256). (ECF No. 257 at 11). Additionally, plaintiffs maintain that the settlement represents a compromise of the parties' claims and defenses, providing a good value for generally small claims. (ECF No. 257 at 11). Further, the proposed stipulated settlement provides that defendant will not oppose the instant motion provided that it is consistent with the terms of the settlement agreement. (ECF No. 250-2 at 18). Accordingly, plaintiffs seek final approval of settlement and judgment dismissing the settling plaintiffs' (ECF No. 257-2) claims with prejudice and the non-settling plaintiffs' (ECF No. 257-15) claims without prejudice. (ECF No. 257 at 14).

In the court's order granting plaintiffs' unopposed motion for preliminary settlement approval, the court set forth a detailed analysis of the proposed settlement and found it to be a fair and reasonable compromise of the FLSA claims and defenses. (ECF No. 256).

Under the proposed settlement, defendant agreed to pay a maximum settlement amount of $450,000.00, which covers plaintiffs' damages, service awards, litigation costs, and attorney's fees. (ECF Nos. 250 at 11; 250-2 at 9). The proposed settlement also sets forth the terms regarding the release of claims and a confidentiality provision. (ECF No. 250-2).

As to plaintiffs' damages, the settlement provides that damages are to be based on a *pro rata* calculation of each plaintiff's alleged total damages. (ECF Nos. 250 at 11; 250-2 at 11). In the preliminary approval order, the court reviewed the settlement amount and the *pro rata* distribution formula, finding that the terms of the settlement provide for a modest recovery for the collective members with individualized calculations based on the amount of overtime worked. (ECF No. 256 at 9–13). While the court had reservations regarding the absence of a minimum

settlement amount, the court ultimately found that the circumstances and attendant risks favor the proposed settlement because no evidence of collusion existed and the proposed notices adequately informed the collective members of their alternatives to settlement. (ECF No. 256 at 13).

As to service awards, the parties agreed to set aside $4,800.00 of the maximum settlement amount, with the five named plaintiffs each receiving $500.00 for their service to the collective and the 23 deposed plaintiffs each receiving $100.00 for attending depositions. (ECF Nos. 250 at 11; 250-2 at 12). The court found that the proposed awards were reasonable and would not significantly reduce the amount of settlement funds available to the rest of the collective. (ECF No. 256 at 19–20).

As to litigation costs, the parties agreed to allocate $130,000.00 of the maximum settlement amount to cover litigation costs and expenses. (ECF Nos. 250 at 11; 250-2 at 13). The court held that the costs requested were reasonable and adequately documented, finding the amount in costs expended thus far to exceed the requested amount. (ECF No. 256 at 19).

As to attorney's fees, the parties agreed to allocate 25% of the maximum settlement amount ($112,500.00) to satisfy attorney's fees. (ECF Nos. 250 at 11; 250-2 at 13). The court found that the fee request was supported by adequate documentation, which detailed billing summaries and attorney declarations in support of the fee request. (ECF No. 256 at 17–18). Moreover, the court found that the fee request mirrored the percentage-of-recovery method set forth by the Ninth Circuit. (ECF No. 256 at 18). Further, plaintiffs asserted that the proposed settlement was not contingent on a ruling in favor of the fee request. (ECF No. 256 at 18–19). In light of these considerations, the court held that the documentation provided adequate support in favor of the fee request. (ECF No. 256 at 19).

Regarding the release of claims, plaintiffs mailed the notices of dismissal to 935 persons, who either experienced no damages or did not qualify for the collectives as defined by the court. (ECF No. 257 at 9). Further, plaintiffs mailed the notices of settlement to the 1,692 opt-in plaintiffs (the "noticed plaintiffs"), who had allocated settlements as identified in the settlement agreement. (ECF Nos. 257 at 9). Within the requisite time frame, a total of 1,165 (or 69 %) of the noticed plaintiffs consented to the settlement ("settling plaintiffs"). (ECF No. 257 at 10). Plaintiffs assert

that the allocations to the settling plaintiffs amount to $192,173.79 of the total allocation of $207,500.00 (or 93% of the total allocation). (ECF No. 257 at 10–11). These settling plaintiffs are identified in Exhibit A to plaintiffs' instant motion. (ECF No. 257-2).

The settlement agreement provides that the settling plaintiffs will be dismissed with prejudice in the judgment. (ECF No. 257 at 15–16). Further, the settlement agreement states that the noticed plaintiffs who do not consent to the settlement and the plaintiffs who received the notice of dismissal will be dismissed without prejudice in the judgment. (ECF No. 250-2 at 16). These non-settling plaintiffs are identified in Exhibit C to plaintiffs' instant motion. (ECF No. 257-15). The court found that "the proposed releases appropriately track[ed] plaintiffs' allegations in the action and the judicial ruling that narrowed their claims." (ECF No. 256 at 14).

Further, the court had concerns that the "publication provision" of the proposed settlement would in effect function as a confidentiality provision, preventing the collective members from disclosing the settlement terms to more than 25,000 employees who did not opt-in to the collective action. (ECF No. 256 at 16). In the addendum of the proposed settlement, plaintiffs made changes and deletions to alleviate the court's concern. (ECF No. 250-2 at 33–36). In analyzing the addendum, the court found the revisions acceptable and consistent with the principles that prohibit confidentiality provisions in FLSA settlements. (ECF No. 256 at 16).

In recommending that plaintiffs' motion for final settlement approval be granted, the magistrate found the parties' settlement to be fair, adequate, and reasonable under the circumstances. (ECF No. 259).

Upon reviewing the recommendation and underlying briefs, the court finds that good cause appears to adopt the magistrate's findings. Based on the foregoing, as well as the underlying briefs, the court agrees with the magistrate and finds that the settlement was entered into in good faith and is a fair, adequate, and reasonable resolution to a bone fide dispute over unpaid wages in light of all the circumstances. The settlement has been reached as a result of intensive, serious and non-collusive arms-length negotiations and the parties have conducted extensive and costly investigation and research. Further, the court finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further

prosecution of the action.

Accordingly, the court finds good cause to adopt the R&R (ECF No. 259) in its entirety and hereby approves the settlement agreement (ECF No. 250-2). The court, therefore, orders the payments to be made and administered in accordance with the terms of the settlement. Further, the court will retain jurisdiction with respect to the implementation and enforcement of the terms of the settlement.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge Leen's R&R (ECF No. 259) be, and the same hereby is, ADOPTED in its entirety.

IT IS FURTHER ORDERED that the unopposed motion for final settlement approval filed by plaintiffs Kathy Belmonte, Richard Caldwell, Craig Gamble, Maria High, and Michael Simmons (ECF No. 257) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that the proposed stipulated settlement (ECF No. 250-2) be, and the same hereby is, APPROVED. The parties shall bear their own costs, except as otherwise provided in the settlement agreement.

IT IS FURTHER ORDERED that the settling plaintiffs (ECF No. 257-2) be, and the same hereby are, DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the non-settling plaintiffs (ECF No. 257-15) be, and the same hereby are, DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the parties shall prepare and file an appropriate stipulated judgment for the court's signature consistent with the settlement agreement and the foregoing within fourteen (14) days of the entry of this order.

DATED THIS 23rd day of February, 2017.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE